John A. Leonard, Esquire
**LEONARD, KEY & KEY, PLLC**
900 Eighth Street -- Suite 320
Post Office Box 8385
Wichita Falls, Texas 76307-8385
Telephone:    940-322-5217
Facsimile:    940-322-3381
Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MICHAEL EDWARD LEUE and** | § | **CASE NO. 19-70323-HDH-11** |
| **CONMSTANCE ELLEN LEDUE** | § | |
| | § | |
| Debtors | § | **CHAPTER 11** |

## TABLE OF CONTENTS
## DISCLOSURE

ARTICLE I VOTING PROCEDURE
    A. Voting Procedure    1
      1. Time and Place of Hearing    1
      2. Deadline for Voting to Accept or Reject the Plan    1

ARTICLE II MISCELLANEOUS INFORMATION    2
    A. Identity of Person to Contact for More Information    2
    B. Disclaimer    2
    C. Current and Historical Financial Conditions    2
    D. Financial Information    2
    E. Debtors' Operations    3
    F. Means of Implementing Plan    3
    1. Source of Payments    3
    2. Post-confirmation Management    3
    3. Risk Factors    3
    4. Tax Consequences of Plan    3

ARTICLE III CONFIRMATION REQUIREMENTS AND PROCEDURES    3
    A. Who may Vote or Object    4
    1. What is an Allowed Claim or Allowed Equity Interest?    4
    2. What is an Impaired Claim or Impaired Equity Interest?    4
    3. Who is Not Entitled to Vote    5
    4. Who Can Vote in More than One Class    5
    B. Votes Necessary to Confirm the Plan    5
    1. Votes Necessary for a Class to Accept the Plan    6

2. Treatment of Nonaccepting Classes     6
C. Liquidation Analysis     6
D. Feasibility     6
1. Ability to Initially Fund Plan     7
2. Ability to Make Future Plan Payments and Operate     7
      Without Further Reorganization

ARTICLE IV EFFECT OF CONFIRMATION OF PLAN     7
A. Discharge of Debtor     7
B. Modification of Plan     7
C. Final Decree     8

## PLAN

ARTICLE V BACKGROUND INFORMATION     8

ARTICLE VI SUMMARY     10

ARTICLE VII CLASSIFICATION OF CLAIMS AND INTEREST     10

ARTICLE VIII TREATMENT OF ADMINISTRATIVE EXPENSE     11
CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

ARTICLE IX TREATMENT OF CLAIMS AND INTEREST UNDER     11
THE PLAN

ARTICLE X ALLOWANCE AND DISALLOWANE OF CLAIMS     13

ARTICLE XI PROVISIONS FOR EXECUTORY CONTRACTS     14
AND UNEXPIRED LEASES

ARTICLE XII MEANS FOR IMPLEMETATION OF THE PLAN     14

ARTICLE XIII GENERAL PROVISIONS     14

ARTICLE XIV DISCHARGE     20

John A. Leonard, Esquire
**LEONARD, KEY & KEY, PLLC**
900 Eighth Street -- Suite 320
Post Office Box 8385
Wichita Falls, Texas 76307-8385
Telephone:    940-322-5217
Facsimile:    940-322-3381
Attorneys for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MICHAEL EDWARD LEUE and** | § | **CASE NO. 19-70323-HDH-11** |
| **CONMSTANCE ELLEN LEDUE** | § | |
| | § | |
| **Debtors** | § | **CHAPTER 11** |

## DEBTORS' PLAN OF REORGANIZATION, DATED MAY 1, 2020

### ARTICLE I
### DISCLOSURE

### A.
### VOTING PROCEDURE

**Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

### 1.
### *Time and Place of the Hearing to Finally Approve This Disclosure Statement and Confirm the Plan*

The hearing at which the Court will determine whether to finally approve this Disclosure Statement and confirm the Plan will take place on June 17, 2020, at 10:A. M., at the United States Bankruptcy Court for the Northern District of Texas, Wichita Falls Division, 1000 Lamar Street, Room 216A, U.S. Post Office and Courthouse, Wichita Falls, Texas 76301.

### 2.
### *Deadline For Voting to Accept or Reject the Plan*

1

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to John A. Leonard, 900 8th Street, Suite 320, Wichita Falls, TX 76301. See section XI for a discussion of voting eligibility requirements.

Your ballot must be received by <u>June 1, 2020,</u> or it will not be counted.

## ARTICLE II.

## MISCELLANEOUS INFORMATION

### *Deadline For Objecting to the Adequacy of Disclosure and Confirmation of the Plan*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon John A. Leonard, 900 8th Street, Suite 320, Wichita Falls, TX 76301 by June 8, 2020.

### A.
### *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact John Leonard, Leonard, Key, & Key PLLC 900 8th Street, Suite 320, Wichita Falls, Texas 76301, phone number (940) 322-5217.

### B.
### *Disclaimer*

***The Court has conditionally approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted. The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan. Objections to the adequacy of this Disclosure Statement may be filed until ?.***

### C.
### Current and Historical Financial Conditions

The identity and fair market value of the estate's assets are listed in Exhibit A. Debtors determined the fair market value of the assets based upon their knowledge of the market for the assets and the use of tax valuations.

### D.
### FINANCIAL INFORMATION

2

The Debtor's most recent financial statements issued before bankruptcy, each of which was filed with the Court, are set forth in Exhibit B.

## E.
## DEBTORS' OPERATIONS

The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case is set forth in Exhibit C.

## F.
## Means of Implementing the Plan

### 1.
### *Source of Payments*

Payments and distributions under the Plan will be funded in the following manner: Debtors will continue to operate their businesses. The proceeds from the operations will be used to make the plan payments.

### 2.
### *Post-confirmation Management*

Debtors shall continue to manage the operations.

### 3.
### *Risk Factors*

The proposed Plan has the following risks: As with any business, general economic conditions affect the profitability of the business. However, with the reduction of debt and the amount of payments, plus the fact that Mr. Ledue has been business since 1979, Debtors believe that the risk factors are not any greater than those incurred by any similar business.

### 4.
### Tax Consequences of Plan

*Creditors Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Accountant, Attorneys, And/Or Advisors.*

The following are the anticipated tax consequences of the Plan: Debtors do not anticipate that the Plan will cause them to suffer any adverse tax consequences,

## ARTICLE III.
## CONFIRMATION REQUIREMENTS AND PROCEDURES

3

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

## A.
## Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes 2 through 6 are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that class 1 is unimpaired and that holders of claims in this class, therefore, do not have the right to vote to accept or reject the Plan.

## 1.
## *What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

***The deadline for filing a proof of claim in this case was March 16, 2020.***

## 2.
## *What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class

is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

### 3.
### *Who is Not Entitled to Vote*

The holders of the following five types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- holders of claims or equity interests in unimpaired classes;

- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

- administrative expenses.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan and to the Adequacy of the Disclosure Statement.***

### 4.
### *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

### B.
### Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by a cram down on non-accepting classes.

**1.**
*Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

**2.**
*Treatment of Nonaccepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a cram down plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a cramdown confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

**C.**
**Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation bankruptcy case. A liquidation analysis is attached to this Disclosure Statement as Exhibit D.

**D.**
**Feasibility**

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

## 1.
### *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this plan as Exhibit E.

## 2.
### *Ability to Make Future Plan Payments And Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information. Those projections are listed in Exhibit F.

The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses, post-confirmation taxes, and Plan payments of $>.

A cash flow analysis is attached hereto as Exhibit F.

***You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.***

## ARTICLE IV.
## EFFECT OF CONFIRMATION OF PLAN

### A.
### Discharge of Debtor

Discharge. Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### B.
### Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

**C.**

**Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

***The Court has conditionally approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted. The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan. Objections to the adequacy of this Disclosure Statement may be filed until >.***

**ARTICLE V**

**BACKGROUND INFORMATION**

**A.**

**HISTORY OF DEBTORS' BUSINESS**

**M.E. Ledue Properties:**

Throughout his adult life in Wichita Falls, Michael has bought, rented, and sold property. Some were short-term ownerships and others have been long-term. Some have been commercial properties – all of which have been sold at this point; many have been residential. Most of the residential properties were single-family dwellings; however, he owns three buildings that have "quadruplexes" on them – a single building containing four apartments. At the present time, in

8

addition to the "quads", he owns a single-family house with a separate house on the back of the lot and a parking lot to the side, and two (2) vacant lots (one that could be built on and one that cannot be used for anything other than a vacant lot).

### M.E. Ledue Construction:

M.E. Ledue Construction came into existence in April of 1979 – shortly after the tornado hit Wichita Falls. It was not an incorporated business, but simply a dba. At some point in the late 80's – early 90's, Michael partnered with a friend who had "Storm King Storm Windows" and he ran both of them. As that faded out, he partnered with another man, who knew glass and glazing, to do a large job at Sheppard Air Force Base. At this point, City Glass & Mirror (a dba) came into existence and M.E. Ledue Construction became a side job. Michael has continued to do construction jobs throughout the years – under this dba.

### City Glass & Mirror – MELM City Glass & Mirror, Inc. dba City Glass & Mirror – MC

### Team Ltd dba City Glass:

Between bidding and being awarded the job at SAFB and the actual start of the job, the other man sent his regrets and moved to Saudi Arabia for a different job. Michael completed the job and began to build his reputation in glass. He incorporated the business in 2004 as MELM City Glass & Mirror, Inc. with himself as the only stockholder – and continued to build his reputation.

During this time, Connie had been a stay-at-home mother to their children. She had also been a substitute teacher at their children's school for 15-18 years, had eventually gotten her teaching certificate and taught in the public school system for 3 1/2 years. During summer breaks, Connie worked in the office of City Glass & Mirror learning the business and providing coverage for office staff vacations. In June of 2007, she began working full-time at City Glass & Mirror as she prepared to interview for a different kind of position. During the year of 2008, Connie worked full-time as an International Tour Manager – and subsequently worked part-time at that job through 2017. As the office staff was reduced by attrition, Connie assumed their jobs and duties.

Government jobs are put up for bid. There is an advantage in bidding if your company is "minority-owned", "veteran-owned", or "woman-owned". As these can be lucrative jobs, the decision was made to form a new corporation for the business that was "woman-owned." Therefore, in February of 2017, MC Team Ltd was formed; Michael owns 49% of the stock and Connie owns 51%. The dba for this corporation is City Glass.

The primary focus of the business at the current time is commercial work and residential showers.

### B.

### BUSINESS TRANSACTIONS SINCE FILING

9

Since the bankruptcy petition was filed Debtors have continued to operate their business interests.

Construction Jobs:
1. In Progress - O'Briens on Scott Street - $12,760.00 total at this point, $3,500.00 paid to date. This job is on hold at the moment.
2. Gary Mehan – Jacksboro Hwy and US 281 continuing. Has received $6000.00

Leasing:
1. 14th St. to MC Team Ltd - $150 / month
2. Equipment & Tools to MC Team Ltd - $100 / month
3. Auto Lease - Van to MC Team Ltd - $100 / month
4. Auto Lease - Truck to MC Team Ltd - $100 / month
5. Auto Lease - Subaru to MC Team Ltd - 488.29 / month

Rental Income
1. Quadraplexes rental income of $20,909.00

## ARTICLE VI

## PLAN SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Michael Edward Ledue and Constance Ellen Ledue (the "Debtors") from cash flow from operations. This Plan provides for 4 classes of secured claims; one class of unsecured claims; and one class of administrative claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 5% of their claim. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE VII
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.        Administrative Claims

10

| Class 2. | Ad valorem Tax Claims |
| Class 3. | Union Square Credit Union |
| Class 4. | FNA DZ |
| Class 5. | Bank of the West |
| Class 6. | First National Bank |
| Class 7. | Unsecured Claims |

## ARTICLE VIII
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   <u>Administrative Expense Claims</u>.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03   <u>Priority Tax Claims</u>. Debtors does not owe any priority tax debts

3.04   <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IX
## <u>TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN</u>

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Administrative Claims | Unimpaired | Paid upon allowance |

11

| | | |
|---|---|---|
| Class 2 – Ad valorem Tax Claims | Impaired | This claim will be paid over 36 months with interest at 12% |
| Class 3 – Union Square Credit Union | Impaired | a. Home Equity Loan-This claim will be paid in full from the sale of the house located at 1605 Carol Lane. Interest will accrue at the rate of 4.5%. Union Square will retain its lien on the property. <br><br> b. Quadraplex Loan-This claim will be paid over 20 years with interest at 4.5%. Union Square will retain its lien on the property. |
| Class 4 – FNA DZ | Impaired | This claim will be paid over 36 months with interest at 15.9%. Claimant will retain its lien on the property. |
| Class 5 - Bank of the West | Impaired | The claim is secured on a 2015 Subaru Outback, VIN 4S4BSENC9F3226768 and will be paid over sixty (60) |
| Class 6 - First National Bank | Unimpaired | 2212 5th Street, that the class member values at $94,717.00, will be surrendered to the class member in full satisfaction of its claim of $32,195.43. |

12

| | | |
|---|---|---|
| Class 7 - Unsecured | Impaired | Unsecured Claims - Members of this class shall receive the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim that is equal to the amount of the claim; or the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. Annual payments will commence on initial anniversary date of the Plan's confirmation and continue on the same date of each successive year until the fifth and final annual payment has been made. The value of the property to be distributed under the Plan is a class member's prorata share of the allowed unsecured claims. Unsecured Claims – Not withstanding any other provisions of the Plan, entities holding unsecured claims, unless the entity has previously filed a claim, must file a proof of claim on or before 60 days from the date this Plan is confirmed. If an entity does not file a proof of claim timely its claim is disallowed. Debtor will have 60 days to review the claim after the filing deadline has passed and may file an objection to the claim. If an objection is not filed within the applicable time period, the claim is deemed allowed. If an objection is filed, a hearing will be set pursuant the Bankruptcy Rules of Procedure. The claim will be treated as provided by the Court's order on the objection. |

## ARTICLE X
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.   A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no

13

proof of claim has been filed, and the Debtors has scheduled such claim as disputed, contingent, or unliquidated.

    5.02    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

    5.03    <u>Settlement of Disputed Claims</u>.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE XI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    6.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

    (a)    The Debtors assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII, ISPC:

    (b)    The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than  thirty (30) days after the date of the order confirming this Plan.

## ARTICLE XII
## MEANS FOR IMPLEMENTATION OF THE PLAN

    Debtors will continue to operate their businesses. Connie Ledue will control the financial and management while Michael will control the actual construction. From the income generated from the operations the Debtors will make the payments required by the plan

## ARTICLE XIII
## GENERAL PROVISIONS

    8.01    <u>Definitions and Rules of Construction.</u>  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

    a.  The term "Bankruptcy Code" or "Code" shall mean Title 11 of the United States Code.
    b.  The term "Plan" shall mean Debtors' plan of reorganization.
    c.  The term "year" shall mean 365 days after a certain date.

14

d. The term "Court" shall mean the United States Bankruptcy Court for the Northern District of Texas, Wichita Falls Division.

e. The term "Allowed Claim" shall mean (i) a Claim that has been allowed by a final Order of the Bankruptcy Court or, (ii) a Claim timely filed with the Clerk of the Court or scheduled as liquidated, undisputed and noncontingent by the Debtors in its respective Schedules, Lists, and Statements of Financial Affairs and Executory Contracts heretofore filed with the Bankruptcy Court as they may be amended or supplemented (collectively, the "Schedules"), as to which Claim no objection to the allowance thereof has been interposed within the period of time fixed by the Code or by a final Order of the Bankruptcy Court, or as to which claim either an objection to the claim or an application to amend the Schedules with respect to a scheduled Claim has resulted in the allowance of a Claim, in whole or in part, by a final Order of the Bankruptcy Court. The bar date for filing claim objections is six months after date of confirmation.

f. The term "substantial consummation" shall mean transfer of property to be transferred under the plan, assumption of management by the Debtors as reorganized, and the commencement of distribution under the plan.

g. "Administrative Expense" shall mean a cost or expense of the administration of the Chapter 11 case, including any actual and necessary expenses of preserving the estate, and any actual and necessary expenses of operating the Debtors' business from and after the filing date, to and including the date of confirmation, and all costs of administration allowed by the Court in accordance with the Code.

h. "Impaired Claim" or "Impaired Creditor" shall refer to the definition of an impaired claim or interest set forth in 11 U.S.C. § 1124. Paraphrasing that definition, a claim or interest is impaired if the Plan of Reorganization alters the rights to which the holder of the claim or interest would otherwise be entitled in the absence of the Chapter 11. The Code requires that the Plan designate whether a claim or interest is impaired or unimpaired and specify the treatment to be given impaired claims or interests.

i. "Secured claim" shall mean an allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to set off under § 553 of the Code to the extent of the value (determined in accordance with § 506(a) of the Code) of such creditor's interest in the estate's interest in such property or to the extent of the amount subject to set off.

j. "Unsecured Claim" or "Unsecured Creditor" shall mean any creditor of the Debtors who holds a claim for an unsecured debt, liability, demand or claim of any character whatsoever, including a secured claim to the extent that liquidation of the collateral would not satisfy its claim.

k. The term "Property" shall mean all that certain real and personal property described in the Debtors' schedules.

15

8.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law, including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 <u>Continuing Jurisdiction</u>. Until all of the obligations of the Debtors are completed hereunder, the Court shall retain jurisdiction to insure that this plan is carried out and determine such other matters in connection with this proceeding, including but not limited to:

        (a)      Determine all valid liens and claims (and amounts) against the Debtors and its property;

        (b)      Allow the Debtors to enforce any claims or causes of action which exists in its favor and which may not have previously been enforced by the Debtors;

        (c)      Settle any disputes between the Debtors and its creditors;

        (d)      Continue jurisdiction and staying enforcement of any liens or claims under confirmation of this plan;

        (e)      Allow the Debtors the rights and powers as Debtors-in-Possession (which includes the rights and powers of a trustee under the Bankruptcy Code existing in favor of a Debtors-in Possession before confirmation), to enforce causes of action which may not have been previously enforced or prosecuted herein by the Debtors as Debtors-In-Possession, and allowing the Debtors to reserve all

19

of those rights and powers held by it as Debtors-in-Possession before confirmation;

(f)    Approve or confirm a modification of this plan after confirmation proposed by the Debtors, and to grant moratoria and extensions of payments to creditors in any of the classes set out above for any reasonable period of time due to circumstances presently unforeseeable (only the Debtors may propose modifications of the plan after confirmation, pursuant to this retention of jurisdiction provisions of this plan); and

(g)    Retain such other jurisdiction as will insure that the interest and purposes of this plan are fulfilled.

## ARTICLE XIV
## DISCHARGE

9.01.   <u>Discharge.</u> Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


By: <u>/s/ Michael Edward Ledue</u>
Michael Edward Ledue
<u>/s/ Constance Ellen Ledue</u>
Constance Ellen Ledue
The Plan Proponent


By: <u>/s/ John A. Leonard</u>
Attorney for the Plan Proponent

20

# EXHIBIT "A"

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Michael | Edward | Ledue |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Constance | Ellen | Ledue |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number **19-70323-11**
(if known)

☑ Check if this is an amended filing

Official Form 106A/B

## Schedule A/B: Property                                                                         12/15

In each category, separately list and describe items.  List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible.  If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write your name and case number (if known).  Answer every question.

### Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.    Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No.  Go to Part 2.
☑ Yes.  Where is the property?

**1.1.**

**411 Polk**
Street address, if available, or other description

**Wichita Falls**        **TX**    **76301**
City                              State    ZIP Code

County

**411 Polk, Wichita Falls, TX 76301**
**TR 15A 52X84 Ft Abst 300-J**

**What is the property?**
Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions.  Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?          Current value of the portion you own?

        $42,800.00                    $42,800.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee Simple**

☑ Check if this is community property (see instructions)

Debtor 1   **Michael Edward Ledue**
Debtor 2   **Constance Ellen Ledue**

Case number (if known)   **19-70323-11**

---

**1.2.**

**1605 Carol Lane**
Street address, if available, or other description

_____

**Wichita Falls**          **TX**    **76302**
City                         State    ZIP Code

_____
County

**1605 Carol Lane, Wichita Falls, TX 76302**
**136.87X110X137.05X110 Ft Block 12 Abst 305**

**What is the property?**
Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions.  Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?          Current value of the portion you own?

$235,000.00          $235,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Fee Simple**
_____

☑ Check if this is community property
(see instructions)

---

**1.3.**

**2209 4th Street**
Street address, if available, or other description

_____

**Wichita Falls**          **TX**    **76301**
City                         State    ZIP Code

_____
County

**2209 4th Street, Wichita Falls, TX 76301**
**Lot 3A Bumgarner Subdivision**

**What is the property?**
Check all that apply.

☐ Single-family home
☑ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☑ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions.  Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?          Current value of the portion you own?

$250,000.00          $250,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Fee Simple**
_____

☑ Check if this is community property
(see instructions)

---

Debtor 1  **Michael Edward Ledue**
Debtor 2  **Constance Ellen Ledue**                                                 Case number (if known)  **19-70323-11**

---

**1.4.**

**2210 5th Street**
Street address, if available, or other description

**Wichita Falls          TX      76301**
City                                State    ZIP Code

County

2210 5th Street, Wichita Falls, TX
76301
Lot 1 Bumgarner S/D

**What is the property?**
Check all that apply.

☐ Single-family home
☑ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☑ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local
property identification number: _____

Do not deduct secured claims or exemptions.  Put the
amount of any secured claims on *Schedule D:
Creditors Who Have Claims Secured by Property.*

Current value of the        Current value of the
entire property?            portion you own?

    $125,000.00                 $125,000.00

Describe the nature of your ownership
interest (such as fee simple, tenancy by the
entireties, or a life estate), if known.

Fee Simple

☑ Check if this is community property
(see instructions)

---

**1.5.**

**1917 9th Street**
Street address, if available, or other description

**Wichita Falls          TX      76301**
City                                State    ZIP Code

County

1917 9th Street, Wichita Falls, TX
76301
50X20 Ft Lot 1 Blk 12 Bellevue Addition

**What is the property?**
Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☑ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local
property identification number: _____

Do not deduct secured claims or exemptions.  Put the
amount of any secured claims on *Schedule D:
Creditors Who Have Claims Secured by Property.*

Current value of the        Current value of the
entire property?            portion you own?

    $50,000.00                  $50,000.00

Describe the nature of your ownership
interest (such as fee simple, tenancy by the
entireties, or a life estate), if known.

Fee Simple

☑ Check if this is community property
(see instructions)

---

Debtor 1    **Michael Edward Ledue**
Debtor 2    **Constance Ellen Ledue**                                      Case number (if known)  __19-70323-11__

---

**1.6.**

**1915 9th Street**
Street address, if available, or other description

_____

**Wichita Falls          TX    76301**
City                         State    ZIP Code

_____
County

**1915 9th Street, Wichita Falls, TX 76301**
**Lot 1; A Blk 12 Bellvue Addition**

**What is the property?**
Check all that apply.
- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☑ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?**
Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☑ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $12,000.00 | $12,000.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Fee Simple**
_____

- ☑ Check if this is community property (see instructions)

---

**1.7.**

**2116 Roberts**
Street address, if available, or other description

_____

**Wichita Falls          TX    76301**
City                         State    ZIP Code

_____
County

**2116 Roberts, Wichita Falls, TX 76301**

**What is the property?**
Check all that apply.
- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☑ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?**
Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $3,000.00 | $3,000.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Fee Simple**
_____

- ☐ Check if this is community property (see instructions)

---

Debtor 1    **Michael Edward Ledue**
Debtor 2    **Constance Ellen Ledue**        Case number (if known)   __19-70323-11__

---

**1.8.**

**1410 25th Street**
Street address, if available, or other description

**Wichita Falls**    **TX**    **76301**
City        State   ZIP Code

County

**1410 25th Street, Wichita Falls, TX
76301**

**What is the property?**
Check all that apply.
- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☑ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?**
Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$2,500.00          $2,500.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Fee Simple

☐ Check if this is community property (see instructions)

---

**1.9.**

**1408 14th Street**
Street address, if available, or other description

**Wichita Falls**    **TX**    **76301**
City        State   ZIP Code

County

**1408 14th Street, Wichita Falls, TX
76301
Lot 3-A Blk 252 Original Townsite**

**What is the property?**
Check all that apply.
- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☑ Land
- ☑ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?**
Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$82,000.00          $82,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Fee Simple

☐ Check if this is community property (see instructions)

---

| Debtor 1 | Michael Edward Ledue | | |
|---|---|---|---|
| Debtor 2 | Constance Ellen Ledue | Case number (if known) | 19-70323-11 |

**1.10.**

**2212 5th St.**
Street address, if available, or other description

**Wichita Falls**     **TX**    **76301**
City       State    ZIP Code

County

**2212 5th St., Wichita Falls, TX 76301
Lot 1-C, Blk 1, Ledue S/D Abst 350**

**What is the property?**
Check all that apply.
- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?**
Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☑ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:
_____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $125,000.00 | $125,000.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Fee Simple**

☑ Check if this is community property
(see instructions)

**2.** Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...................➔     **$927,300.00**

---

| **Part 2:** | **Describe Your Vehicles** |
|---|---|

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3.** Cars, vans, trucks, tractors, sport utility vehicles, motorcycles
- ☐ No
- ☑ Yes

**3.1.**

| | |
|---|---|
| Make: | **Subaru** |
| Model: | **Outback** |
| Year: | **2015** |
| Approximate mileage: | **62,000** |

Other information:
**2015 Subaru Outback (approx. 62,000 miles)**

**Who has an interest in the property?**
Check one.
- ☐ Debtor 1 only
- ☑ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $17,000.00 | $17,000.00 |

**3.2.**

| | |
|---|---|
| Make: | **Dodge** |
| Model: | **Ram Promaster 150** |
| Year: | **2014** |
| Approximate mileage: | **80,000** |

Other information:
**2014 Dodge Ram Promaster 1500 (approx. 80,000 miles)**

**Who has an interest in the property?**
Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $15,300.00 | $15,300.00 |

| Debtor 1 | **Michael Edward Ledue** | | |
|---|---|---|---|
| Debtor 2 | **Constance Ellen Ledue** | Case number (if known) | **19-70323-11** |

| 3.3. | | Who has an interest in the property?<br>Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| Make: | **Lincoln** | ☑ Debtor 1 only | |
| Model: | **Towncar** | ☐ Debtor 2 only | |
| Year: | **1996** | ☐ Debtor 1 and Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Approximate mileage: | **120,000** | ☐ At least one of the debtors and another | **$1,625.00** / **$1,625.00** |
| Other information: | | | |
| **1996 Lincoln Towncar (approx. 120,000 miles)** | | ☐ Check if this is community property (see instructions) | |

| 3.4. | | Who has an interest in the property?<br>Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| Make: | **Jaguar** | ☑ Debtor 1 only | |
| Model: | **XJS Convertible** | ☐ Debtor 2 only | |
| Year: | **1995** | ☐ Debtor 1 and Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Approximate mileage: | **75,000** | ☐ At least one of the debtors and another | **$5,100.00** / **$5,100.00** |
| Other information: | | | |
| **1995 Jaguar XJS Convertible (approx. 75,000 miles)** | | ☐ Check if this is community property (see instructions) | |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here................................................ → | **$39,025.00** |

| **Part 3:** | **Describe Your Personal and Household Items** |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware

   ☐ No
   ☑ Yes. Describe..... | Household goods |       $5,000.00

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

   ☐ No
   ☑ Yes. Describe..... | TV's, computer, iPads, printers, VHS/DVD player |       $3,000.00

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

   ☑ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

   ☐ No
   ☑ Yes. Describe..... | Golf clubs (ladies) |       $200.00

| Debtor 1 | Michael Edward Ledue | | |
|---|---|---|---|
| Debtor 2 | Constance Ellen Ledue | Case number (if known) | 19-70323-11 |

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☑ No
☐ Yes. Describe.....

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
☑ Yes. Describe..... | See continuation page(s). | $9,000.00

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

☑ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Give specific information............

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write the number here.........................................................** → | $17,200.00

---

**Part 4:** **Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes.................................................................................................. Cash: ..................... | $100.00

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes............................ Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Checking account: | Checking account; Bank of America | $245.00 |
| 17.2. | Checking account: | Checking account; Wells Fargo | $300.00 |
| 17.3. | Savings account: | Savings account; Bank of America | $60.00 |
| 17.4. | Savings account: | Savings account; Wells Fargo | $230.00 |
| 17.5. | Savings account: | Savings account; Wells Fargo | $80.00 |

| Debtor 1 | **Michael Edward Ledue** | | |
|---|---|---|---|
| Debtor 2 | **Constance Ellen Ledue** | Case number (if known) | **19-70323-11** |

| | 17.6. | Savings account: | **Savings account; Wells Fargo-with Minor** | $150.00 |
|---|---|---|---|---|
| | 17.7. | Savings account: | **Savings account; Wells Fargo-with Minor** | $155.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☒ No
☐ Yes............................ Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☒ Yes. Give specific information about them...........................

| Name of entity: | % of ownership: | |
|---|---|---|
| ME Ledue Properties | 100% | $0.00 |
| ME Ledue Construction | 100% | Unknown |
| MC Team LTD | 100% | Unknown |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☒ No
☐ Yes. Give specific information about them........................... Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☒ No
☐ Yes. List each account separately. Type of account: Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☒ No
☐ Yes............................ Institution name or individual:

**23. Annuities** (A contract for a specific periodic payment of money to you, either for life or for a number of years)

☒ No
☐ Yes............................ Issuer name and description:

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☒ No
☐ Yes............................ Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c)

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☒ No
☐ Yes. Give specific information about them

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property;**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☒ No
☐ Yes. Give specific information about them

Debtor 1 **Michael Edward Ledue**
Debtor 2 **Constance Ellen Ledue**                                                      Case number (if known) **19-70323-11**

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific information about them

**Money or property owed to you?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**

☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years....................

Federal: _____
State: _____
Local: _____

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information

Alimony: _____
Maintenance: _____
Support: _____
Divorce settlement: _____
Property settlement: _____

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No
☑ Yes. Give specific information   **See continuation page(s).**                              **$48,547.07**

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
☑ Yes. Name the insurance company of each policy and list its value................

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **Farmers New World Life**<br>P. O. Box 248831<br>Oklahoma City, OK 73124-8831 | **Michael Ledue** | $0.00 |
| **New World Life**<br>P. O. Box 248831<br>Oklahoma City, OK 73124-8831 | **Michael Ledue** | $0.00 |
| **Northwestern Mutual**<br>**Client Relations Center**<br>2 Lincoln Centre #1300<br>5420 Lyndon B Johnson<br>Dallas, TX 75240 | **Connie Ledue** | $0.00 |
| **AFLAC**<br>1932 Wynnton Rd.<br>Columbus, GA 31999 | **Michael Ledue** | $0.00 |

| Debtor 1 | **Michael Edward Ledue** | | |
|---|---|---|---|
| Debtor 2 | **Constance Elien Ledue** | Case number (if known) | **19-70323-11** |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died

☑ No
☐ Yes. Give specific information _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No
☐ Yes. Describe each claim........ _____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No
☑ Yes. Describe each claim........ | Unclaimed property-Michael LeDue | $717.00

**35. Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information _____

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.......................................................➔ | **$50,584.07**

---

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.
☑ Yes. Go to line 38.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☐ No
☑ Yes. Describe.. | Unpaid rent | $5,486.00

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No
☑ Yes. Describe.. | Computer, printers, scanners, copiers, phone system, desks, chairs, file cabinets, credit card scanner | $4,500.00

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☐ No
☑ Yes. Describe.. | See continuation page(s). | $14,300.00

**41. Inventory**

☑ No
☐ Yes. Describe.. _____

Debtor 1   **Michael Edward Ledue**
Debtor 2   **Constance Ellen Ledue**            Case number (if known)  **19-70323-11**

**42. Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe..... Name of entity:               % of ownership:

**43. Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

      ☐ No
      ☐ Yes. Describe....

**44. Any business-related property you did not already list**

☐ No
☑ Yes. Give specific information.

| | |
|---|---|
| 18 ft trailer | $1,500.00 |
| 40 ft storage trailer | $1,500.00 |

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here.................................................................................. →  | **$27,286.00** |

---

**Part 6:** **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

**47. Farm animals**
*Examples:* Livestock, poultry, farm-raised fish
☑ No
☐ Yes...

**48. Crops—either growing or harvested**
☑ No
☐ Yes. Give specific information................

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**
☑ No
☐ Yes....

**50. Farm and fishing supplies, chemicals, and feed**
☑ No
☐ Yes...

**51. Any farm- and commercial fishing-related property you did not already list**
☑ No
☐ Yes. Give specific information................

Debtor 1 **Michael Edward Ledue**
Debtor 2 **Constance Ellen Ledue**                              Case number (if known) **19-70323-11**

52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have
attached for Part 6. Write that number here.............................................................................→ | $0.00 |

**Part 7:** **Describe All Property You Own or Have an Interest in That You Did Not List Above**

53. Do you have other property of any kind you did not already list?
*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information.

54. Add the dollar value of all of your entries from Part 7. Write that number here.............................→ | $0.00 |

**Part 8:** **List the Totals of Each Part of this Form**

55. Part 1: Total real estate, line 2 ...........................................................................→ | $927,300.00 |

56. Part 2: Total vehicles, line 5 | $39,025.00 |

57. Part 3: Total personal and household items, line 15 | $17,200.00 |

58. Part 4: Total financial assets, line 36 | $50,584.07 |

59. Part 5: Total business-related property, line 45 | $27,286.00 |

60. Part 6: Total farm- and fishing-related property, line 52 | $0.00 |

61. Part 7: Total other property not listed, line 54  + | $0.00 |

62. Total personal property.   Add lines 56 through 61.................. | $134,095.07 |  Copy personal
property total  →  + | $134,095.07 |

63. Total of all property on Schedule A/B.   Add line 55 + line 62 .................................................. | $1,061,395.07 |

| Debtor 1 | Michael Edward Ledue | | |
|---|---|---|---|
| Debtor 2 | Constance Ellen Ledue | Case number (if known) | 19-70323-11 |

**12.** Jewelry (details):

| | |
|---|---|
| Mens & womens clothing | $500.00 |
| Mens & womens jewelry | $8,500.00 |

**30.** Other amounts someone owes you (details):

| | |
|---|---|
| Unpaid wages from MC Team LTD | $15,607.14 |
| Unpaid wages from MC Team LTD-codebtor | $15,607.14 |
| Insurance proceeds held by Union Square-4th Street | $9,898.58 |
| Insurance proceeds held by Union Square-4th Street | $7,434.21 |

**40.** Machinery, fixtures, equipment, supplies you use in business, and tools of your trade (details):

| | |
|---|---|
| 2008 GMC Sierra 1500 (approx. 220,000 miles) | $4,600.00 |
| Appliances, lawn equipment, saws, break metal bender | $9,700.00 |

# EXHIBIT "B"

3:44 PM
12/18/19
Accrual Basis

# M.E. Ledue Properties / M.E. Ledue Construction
## Balance Sheet
### As of December 18, 2019

|  | Dec 18, 19 |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Checking/Savings | |
| DIP Account | 862.50 |
| **Total Checking/Savings** | 862.50 |
| Accounts Receivable | |
| Accounts Receivable | 30,628.72 |
| **Total Accounts Receivable** | 30,628.72 |
| Other Current Assets | |
| Undeposited Funds | 1,834.00 |
| **Total Other Current Assets** | 1,834.00 |
| **Total Current Assets** | 33,325.22 |
| **TOTAL ASSETS** | 33,325.22 |
| **LIABILITIES & EQUITY** | |
| Liabilities | |
| Current Liabilities | |
| Accounts Payable | |
| Accounts Payable | 3,255.68 |
| **Total Accounts Payable** | 3,255.68 |
| **Total Current Liabilities** | 3,255.68 |
| Long Term Liabilities | |
| Notes Payable | |
| USCU - Quads -76719-19 | 149,386.40 |
| **Total Notes Payable** | 149,386.40 |
| **Total Long Term Liabilities** | 149,386.40 |
| **Total Liabilities** | 152,642.08 |
| Equity | |
| Opening Bal Equity | -276,185.56 |
| Owners Draw/Equity | 258,538.68 |
| Retained Earnings | 561,283.32 |
| Net Income | 23,879.79 |
| **Total Equity** | 567,516.23 |
| **TOTAL LIABILITIES & EQUITY** | 720,158.31 |

3:49 PM
12/18/19

# M.E. Ledue Properties / M.E. Ledue Construction
## Statement of Cash Flows
### January 1 through December 18, 2019

|  | Jan 1 - Dec 18, 19 |
|---|---:|
| **OPERATING ACTIVITIES** | |
| Net Income | 23,879.79 |
| Adjustments to reconcile Net Income | |
| to net cash provided by operations: | |
| Accounts Receivable | 16,539.21 |
| Accounts Payable | 2,588.66 |
| **Net cash provided by Operating Activities** | 43,007.66 |
| | |
| **INVESTING ACTIVITIES** | |
| Shareholder Loan | -787.00 |
| **Net cash provided by Investing Activities** | -787.00 |
| | |
| **FINANCING ACTIVITIES** | |
| Notes Payable:FNB of WF - 9th St. | -5,940.00 |
| Notes Payable:Property Tax Loan | -27,200.13 |
| Notes Payable:USCU -Quads -76719-19 | 24,339.83 |
| Owners Draw/Equity | -3,250.00 |
| **Net cash provided by Financing Activities** | -12,050.30 |
| | |
| **Net cash increase for period** | 30,170.36 |
| | |
| **Cash at beginning of period** | 6,546.96 |
| | |
| **Cash at end of period** | 36,717.32 |

3:52 PM
12/18/19
Accrual Basis

**M.E. Ledue Properties / M.E. Ledue Construction**
# Profit & Loss
### January 1 through December 18, 2019

|  | Jan 1 - Dec 18, 19 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Fee Income | 110.00 |
| Rental | 65,478.00 |
| Sales | 13,650.36 |
| **Total Income** | 79,238.36 |
| **Gross Profit** | 79,238.36 |
| **Expense** | |
| Automobile Expense | 50.00 |
| Bank Service Charges | 152.00 |
| Cleaning Service | 411.35 |
| Contract Labor | 1,312.50 |
| Filing Fees | 376.00 |
| HVAC | 486.44 |
| Insurance | 4,023.25 |
| **Interest Expense** | |
| Finance Charge | 6.25 |
| Loan Interest | 3,420.75 |
| **Total Interest Expense** | 3,427.00 |
| Lawn Service | 290.00 |
| Reconciliation Discrepancies | -200.00 |
| **Repairs** | |
| Building Repairs | 764.80 |
| Equipment Repairs | 350.75 |
| Plumbing | 666.83 |
| **Total Repairs** | 1,782.38 |
| **Supplies** | |
| Office | 48.90 |
| **Total Supplies** | 48.90 |
| **Taxes** | |
| Property | 11,864.49 |
| **Total Taxes** | 11,864.49 |
| **Utilities** | |
| Electric | 1,356.48 |
| Water | 7,493.57 |
| Utilities - Other | 21.00 |
| **Total Utilities** | 8,871.05 |
| **Total Expense** | 32,895.36 |
| **Net Ordinary Income** | 46,343.00 |
| **Other Income/Expense** | |
| **Other Expense** | |
| Bad Debt | 22,463.21 |
| **Total Other Expense** | 22,463.21 |
| **Net Other Income** | -22,463.21 |
| **Net Income** | 23,879.79 |

# EXHIBIT "C"

B 25C (Official Form 25C) (12/08)

# UNITED STATES BANKRUPTCY COURT

Northern & Eastern District of Texas

In re Michael E. & Constance E. Ledue
        *Debtor*

Case No. 19-70323-hdh11

Small Business Case under Chapter 11

## SMALL BUSINESS MONTHLY OPERATING REPORT

Month: March

Line of Business: Rental Properties / Construction

Date filed: 4-20-20

NAISC Code: 531110 / 236118
            531120 / 236220

IN ACCORDANCE WITH TITLE 28, SECTION 1746, OF THE UNITED STATES CODE, I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE EXAMINED THE FOLLOWING SMALL BUSINESS MONTHLY OPERATING REPORT AND THE ACCOMPANYING ATTACHMENTS AND, TO THE BEST OF MY KNOWLEDGE, THESE DOCUMENTS ARE TRUE, CORRECT AND COMPLETE.

RESPONSIBLE PARTY:

_____
Original Signature of Responsible Party

Constance Ledue
Printed Name of Responsible Party

Questionnaire: *(All questions to be answered on behalf of the debtor.)*

| | | Yes | No |
|---|---|---|---|
| 1. | IS THE BUSINESS STILL OPERATING? | ☑ | ☐ |
| 2. | HAVE YOU PAID ALL YOUR BILLS ON TIME THIS MONTH? | ☑ | ☐ |
| 3. | DID YOU PAY YOUR EMPLOYEES ON TIME? | ☐ N/A | ☐ |
| 4. | HAVE YOU DEPOSITED ALL THE RECEIPTS FOR YOUR BUSINESS INTO THE DIP ACCOUNT THIS MONTH? | ☑ | ☐ |
| 5. | HAVE YOU FILED ALL OF YOUR TAX RETURNS AND PAID ALL OF YOUR TAXES THIS MONTH | ☑ | ☐ |
| 6. | HAVE YOU TIMELY FILED ALL OTHER REQUIRED GOVERNMENT FILINGS? | ☑ | ☐ |
| 7. | HAVE YOU PAID ALL OF YOUR INSURANCE PREMIUMS THIS MONTH? | ☑ | ☐ |
| 8. | DO YOU PLAN TO CONTINUE TO OPERATE THE BUSINESS NEXT MONTH? | ☑ | ☐ |
| 9. | ARE YOU CURRENT ON YOUR QUARTERLY FEE PAYMENT TO THE U.S. TRUSTEE? | ☑ | ☐ |
| 10. | HAVE YOU PAID ANYTHING TO YOUR ATTORNEY OR OTHER PROFESSIONALS THIS MONTH? | ☐ | ☐ |
| 11. | DID YOU HAVE ANY UNUSUAL OR SIGNIFICANT UNANTICIPATED EXPENSES THIS MONTH? | ☑ | ☐ |
| 12. | HAS THE BUSINESS SOLD ANY GOODS OR PROVIDED SERVICES OR TRANSFERRED ANY ASSETS TO ANY BUSINESS RELATED TO THE DIP IN ANY WAY? | ☐ | ☑ |
| 13. | DO YOU HAVE ANY BANK ACCOUNTS OPEN OTHER THAN THE DIP ACCOUNT? | ☑ | ☐ |

Page 2

B 25C (Official Form 25C) (12/08)

| | | |
|---|---|---|
| 14. HAVE YOU SOLD ANY ASSETS OTHER THAN INVENTORY THIS MONTH? | ☐ | ☑ |
| 15. DID ANY INSURANCE COMPANY CANCEL YOUR POLICY THIS MONTH? | ☐ | ☑ |
| 16. HAVE YOU BORROWED MONEY FROM ANYONE THIS MONTH? | ☐ | ☑ |
| 17. HAS ANYONE MADE AN INVESTMENT IN YOUR BUSINESS THIS MONTH? | ☐ | ☑ |
| 18. HAVE YOU PAID ANY BILLS YOU OWED BEFORE YOU FILED BANKRUPTCY? | ☐ | ☑ |

## TAXES

DO YOU HAVE ANY PAST DUE TAX RETURNS OR PAST DUE POST-PETITION TAX OBLIGATIONS?                      ☑        ☐

IF YES, PLEASE PROVIDE A WRITTEN EXPLANATION INCLUDING WHEN SUCH RETURNS WILL BE FILED, OR WHEN SUCH PAYMENTS WILL BE MADE AND THE SOURCE OF THE FUNDS FOR THE PAYMENT.

*(Exhibit A)*

## INCOME

PLEASE SEPARATELY LIST ALL OF THE INCOME YOU RECEIVED FOR THE MONTH. THE LIST SHOULD INCLUDE ALL INCOME FROM CASH AND CREDIT TRANSACTIONS. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

TOTAL INCOME $ 2709.00

### SUMMARY OF CASH ON HAND

Cash on Hand at Start of Month                                    $ 404.39

Cash on Hand at End of Month                                      $ 353.78

PLEASE PROVIDE THE TOTAL AMOUNT OF CASH CURRENTLY AVAILABLE TO YOU    TOTAL  $ 353.78

*(Exhibit B)*

## EXPENSES

PLEASE SEPARATELY LIST ALL EXPENSES PAID BY CASH OR BY CHECK FROM YOUR BANK ACCOUNTS THIS MONTH. INCLUDE THE DATE PAID, WHO WAS PAID THE MONEY, THE PURPOSE AND THE AMOUNT. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

TOTAL EXPENSES $ 3515.92

*(Exhibit C)*

## CASH PROFIT

INCOME FOR THE MONTH *(TOTAL FROM EXHIBIT B)*                        $ 3153.39

EXPENSES FOR THE MONTH *(TOTAL FROM EXHIBIT C)*                      $ 3515.98

*(Subtract Line C from Line B)*    CASH PROFIT FOR THE MONTH  $  -362.59

# M.E. Ledue Construction
# M.E. Ledue Properties

M.E. Ledue Construction

PO Box 3813 • Wichita Falls, TX  76301 • mledue@gmail.com • 940-723-8515

April 20, 2020

**SMALL BUSINESS MONTHLY OPERATING REPORT**

Re: "Taxes", pg 2

Our 2018 tax return has not been filed. An extension has been filed for this return. We hope to have this filed soon.

We do not anticipate owing any taxes.

Constance Ledue

M.E. Ledue Properties                    Monthly Income                            March
M.E. Ledue Construction

|   | A | B | C | D | E |
|---|------|---------------------|------------|------------|------------|
| 1 | Date | Rec'd From: | Memo | Amount | Balance |
| 2 | | Beginning Balance | | | $444.39 |
| 3 | 3-Mar | WFHA | March | $716.00 | $1,160.39 |
| 4 | 6-Mar | C Bryant | March | $590.00 | $1,750.39 |
| 5 | 5-Mar | T Hansboro | March | $37.00 | $1,787.39 |
| 6 | 5-Mar | J Smith | March | $212.00 | $1,999.39 |
| 7 | 13-Mar | J Pineda | Feb final | $100.00 | $2,099.39 |
| 8 | 20-Mar | J Pineda | March #1 | $250.00 | $2,349.39 |
| 9 | 27-Mar | J Pineda | March #2 | $250.00 | $2,599.39 |
| 10 | 31-Mar | WHA-late pymt for T. Hansboro | March | $554.00 | $3,153.39 |
| 11 | | | | | |
| 12 | | | Month's Total | $2,709.00 | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | Income minus Expenses | | -$806.98 | -$362.59 |

M.E. Ledue Construction

| | Date Pd. | Paid To: | Purpose | Amount | Balance |
|---|---|---|---|---|---|
| | A | B | C | D | E |
| 1 | | | | | |
| 2 | 2-Mar | Pulse Power | Elec. For 2209 4th #1 | $122.95 | $122.95 |
| 3 | 3-Mar | Julio Hernandez | Roof repairs - 403 Polk | $350.00 | $472.95 |
| 4 | 6-Mar | Laborers | Shop work | $324.00 | $796.95 |
| 5 | 6-Mar | WF - Water Dept | Water bills: 403 Polk, 2209 4th, 2210 5th | $655.95 | $1,452.90 |
| 6 | 6-Mar | Sid Maldonado | Paint for 2210 5th #2 | $300.00 | $1,752.90 |
| 7 | 6-Mar | WF - Water Dept | Water bill: 411 Polk - Owner's Draw | $61.14 | $1,814.04 |
| 8 | 8-Mar | Laborers | Shop work | $364.00 | $2,178.04 |
| 9 | 9-Mar | Sid Maldonado | Labor to paint 2201 5th #2 | $175.00 | $2,353.04 |
| 10 | 10-Mar | Service One | HVAC repairs - 403 Polk #B | $175.00 | $2,528.04 |
| 11 | 12-Mar | Stonemark Ins. | Insurance for Quads & 9th St. | $284.59 | $2,812.63 |
| 12 | 12-Mar | Cirro Energy | Elec. For 2210 5th #1; Feb/March | $221.38 | $3,034.01 |
| 13 | 19-Mar | Artistic Checks | checks for new ME Prop/ME Const DIP acct | $7.47 | $3,041.48 |
| 14 | 20-Mar | D Enriquez | refunded sec. dep. - guarantee by B Kitchell | $200.00 | $3,241.48 |
| 15 | 27-Mar | Stonemark Ins. | insurance | $21.00 | $3,262.48 |
| 16 | 27-Mar | Ledue Household | Owner's draw | $250.00 | $3,512.48 |
| 17 | 31-Mar | First Nat'l Bank | monthly service charge | $3.50 | $3,515.98 |
| 18 | | | | | |
| 19 | | | Month's Total | | $3,515.98 |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |

B 25C (Official Form 25C) (12/08)

## UNPAID BILLS

PLEASE ATTACH A LIST OF ALL DEBTS (INCLUDING TAXES) WHICH YOU HAVE INCURRED SINCE THE DATE YOU FILED BANKRUPTCY BUT HAVE NOT PAID. THE LIST MUST INCLUDE THE DATE THE DEBT WAS INCURRED, WHO IS OWED THE MONEY, THE PURPOSE OF THE DEBT AND WHEN THE DEBT IS DUE. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

TOTAL PAYABLES $ 219.59

*(Exhibit D)*

## MONEY OWED TO YOU

PLEASE ATTACH A LIST OF ALL AMOUNTS OWED TO YOU BY YOUR CUSTOMERS FOR WORK YOU HAVE DONE OR THE MERCHANDISE YOU HAVE SOLD. YOU SHOULD INCLUDE WHO OWES YOU MONEY, HOW MUCH IS OWED AND WHEN IS PAYMENT DUE. *(THE U.S. TRUSTEE MAY WAIVE THIS REQUIREMENT.)*

TOTAL RECEIVABLES $ 13,295.62

*(Exhibit E)*

## BANKING INFORMATION

PLEASE ATTACH A COPY OF YOUR LATEST BANK STATEMENT FOR EVERY ACCOUNT YOU HAVE AS OF THE DATE OF THIS FINANCIAL REPORT OR HAD DURING THE PERIOD COVERED BY THIS REPORT.

*(Exhibit F)*

## EMPLOYEES

NUMBER OF EMPLOYEES WHEN THE CASE WAS FILED? 0

NUMBER OF EMPLOYEES AS OF THE DATE OF THIS MONTHLY REPORT? 0

## PROFESSIONAL FEES

*BANKRUPTCY RELATED:*

PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID DURING THIS REPORTING PERIOD?   $ 0

TOTAL PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID SINCE THE FILING OF THE CASE?   $ 7500.00

*NON-BANKRUPTCY RELATED:*

PROFESSIONAL FEES NOT RELATING TO THE BANKRUPTCY CASE PAID DURING THIS REPORTING PERIOD?   $ 0

TOTAL PROFESSIONAL FEES NOT RELATING TO THE BANKRUPTCY CASE PAID SINCE THE FILING OF THE CASE?   $ 0

M.E. Ledue Properties

M.E. Ledue Construction

Monthly Payables

March

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 1 | Bill Date | Payee | Purpose | Amount | Date Due |
| 2 | | | | | |
| 3 | 1-Dec | Breegle's Bldg. | Flooring for 2209 4th St. #2 | $219.69 | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | Total | $219.69 | |
| 11 | | | | | |
| 12 | | | | | |

M.E. Ledue Properties
M.E. Ledue Properties
Monthly Receivables
March

|   | A | B | C | D | E |
|---|---|---|---|---|---|
| 1 | Bill Date | Debtor | Purpose | Amount | Date Due |
| 2 | 1-Dec | Chris Hooper | Rent | $560.00 | 5-Dec |
| 3 | 1-Nov | Chris Hooper | Rent | $560.00 | 5-Nov |
| 4 | 1-Oct | Chris Hooper | Rent | $560.00 | 5-Oct |
| 5 | 1-Sep | Chris Hooper | Rent | $560.00 | 5-Sep |
| 6 | 1-Aug | Chris Hooper | Rent | $500.00 | 5-Aug |
| 7 | 1-Mar | Kathy Hooper | Rent | $520.00 | 5-Mar |
| 8 | 1-Feb | Kathy Hooper | Rent | $520.00 | 5-Feb |
| 9 | 1-Jan | Kathy Hooper | Rent | $520.00 | 5-Jan |
| 10 | 1-Dec | Kathy Hooper | Rent | $520.00 | 5-Dec |
| 11 | 1-Nov | Kathy Hooper | Rent | $520.00 | 5-Nov |
| 12 | 1-Oct | Kathy Hooper | Rent | $324.57 | 5-Oct |
| 13 | 26-Nov | Truity Construction | Inv 53254: Materials | $5,019.00 | 15-Jan |
| 14 |  | Jose Pineda | Back Rent | $1,562.05 |  |
| 15 |  |  |  |  |  |
| 16 |  |  |  |  |  |
| 17 |  |  | Total Receivables | $12,245.62 |  |
| 18 |  |  |  |  |  |
| 19 |  |  |  |  |  |

# Wells Fargo Everyday Checking

March 25, 2020 ■ Page 1 of 3





CONNIE LEDUE
411 POLK ST
WICHITA FALLS TX 76301-3023

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-TO-WELLS** (1-800-869-3557)

*TTY:* 1-800-877-4833
*En español:* 1-877-727-2932
華語 1-800-288-2288 (6 am to 7 pm PT, M-F)

*Online:* wellsfargo.com

*Write:* Wells Fargo Bank, N.A. (808)
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com or call the number above if you have questions or if you would like to add new services.*

| | | | | |
|---|---|---|---|---|
| Online Banking | ☑ | Direct Deposit | | ☐ |
| Online Bill Pay | ☑ | Auto Transfer/Payment | | ☐ |
| Online Statements | ☐ | Overdraft Protection | | ☐ |
| Mobile Banking | ☑ | Debit Card | | |
| My Spending Report | ☑ | Overdraft Service | | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 2/28 | $0.00 |
| Deposits/Additions | 693.39 |
| Withdrawals/Subtractions | - 68.61 |
| Ending balance on 3/25 | **$624.78** |

Account number: **5001985950**

CONNIE LEDUE

*Texas/Arkansas account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 111900659

## Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

March 25, 2020 ■ Page 2 of 3



## Transaction history

| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|------|------|------|------|------|------|
| 2/28 | | Edeposit IN Branch/Store 02/28/20 06:21:45 Pm 4590 Kell Blvd Wichita Falls TX 5453 | 444.39 | | 444.39 |
| 3/9 | | Purchase authorized on 03/06 CT-Wichita-Falls-U 940-761-7414 TX S46G066703542366 Card 5453 | | 61.14 | 383.25 |
| 3/10 | | Mobile Deposit : Ref Number :213100241432 | 37.00 | | |
| 3/10 | | Mobile Deposit : Ref Number :313100241768 | 212.00 | | 632.25 |
| 3/25 | | Purchase authorized on 03/24 Dcu*Your Check Ord 800 844 2843 CO S380084280236410 Card 5453 | | 7.47 | 624.78 |
| Ending balance on 3/25 | | | | | 624.78 |
| Totals | | | $693.39 | $68.61 | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 02/28/2020 - 03/25/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|------|------|------|

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. Your fee waiver is about to expire. You will need to meet the requirement(s) to avoid the monthly service fee.

| How to avoid the monthly service fee | Minimum required | This fee period |
|------|------|------|
| Have any ONE of the following account requirements | | |
| · Minimum daily balance | $1,500.00 | -$383.25 ☐ |
| · Total amount of qualifying direct deposits | $500.00 | $0.00 ☐ |
| · Total number of posted debit card purchases or posted debit card payments of bills in any combination | 10 | 2 ☐ |
| · The fee is waived when the account is linked to a Wells Fargo Campus ATM or Campus Debit Card | | |

Monthly service fee discount(s) *(applied when box is checked)*

Age of primary account owner is 17 - 24 ($10.00 discount)          ☐



Page 4

B 25C (Official Form 25C) (12/08)

## PROJECTIONS

COMPARE YOUR ACTUAL INCOME AND EXPENSES TO THE PROJECTIONS FOR THE FIRST 180 DAYS OF YOUR CASE PROVIDED AT THE INITIAL DEBTOR INTERVIEW.

| | Projected | Actual | Difference |
|---|---|---|---|
| INCOME | $ | $ | $ |
| EXPENSES | $ | $ | $ |
| CASH PROFIT | $ | $ | $ |

TOTAL PROJECTED INCOME FOR THE NEXT MONTH:                     $

TOTAL PROJECTED EXPENSES FOR THE NEXT MONTH:                  $

TOTAL PROJECTED CASH PROFIT FOR THE NEXT MONTH:             $

## ADDITIONAL INFORMATION

PLEASE ATTACH ALL FINANCIAL REPORTS INCLUDING AN INCOME STATEMENT AND BALANCE SHEET WHICH YOU PREPARE INTERNALLY.

1:43 PM
04/20/20
Accrual Basis

**M.E. Ledue Construction**
**Balance Sheet**
**As of March 31, 2020**

|  | Mar 31, 20 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| DIP Account | 895.99 |
| **Total Checking/Savings** | 895.99 |
| **Accounts Receivable** | |
| Accounts Receivable | 1,039.00 |
| **Total Accounts Receivable** | 1,039.00 |
| **Total Current Assets** | 1,934.99 |
| **Fixed Assets** | |
| **Real Estate** | |
| 14th St Warehouse/Bus Station | 85,000.00 |
| 4th St / Polk St. Apartments | 262,000.00 |
| 5th St. Apartments | 119,708.33 |
| 9th Street | 75,000.00 |
| **Total Real Estate** | 541,708.33 |
| **Total Fixed Assets** | 541,708.33 |
| **TOTAL ASSETS** | 543,643.32 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Long Term Liabilities** | |
| **Notes Payable** | |
| FNB of WF - 9th St. | 9,206.66 |
| Property Tax Loan | 11,726.76 |
| USCU - Quads -76719-19 | 149,386.40 |
| USFCU-14th St. - 76719-40 | 61,945.51 |
| **Total Notes Payable** | 232,265.33 |
| **Total Long Term Liabilities** | 232,265.33 |
| **Total Liabilities** | 232,265.33 |
| **Equity** | |
| Owners Draw/Equity | 257,568.93 |
| **Total Equity** | 257,568.93 |
| **TOTAL LIABILITIES & EQUITY** | 489,834.26 |

1:46 PM

04/20/20

Accrual Basis

## M.E. Ledue Construction
## Profit & Loss
### March 2020

|  | Mar 20 |
|---|---|
| **Ordinary Income/Expense** |  |
| **Income** |  |
| Rental | 3,831.00 |
| **Total Income** | 3,831.00 |
| **Gross Profit** | 3,831.00 |
| **Expense** |  |
| Bank Fees | 0.20 |
| Contract Labor | 688.00 |
| HVAC | 175.00 |
| Insurance | 326.59 |
| Refund | 200.00 |
| Remodeling | 455.00 |
| Utilities | 38.48 |
| **Total Expense** | 1,883.27 |
| **Net Ordinary Income** | 1,947.73 |
| **Net Income** | **1,947.73** |

# EXHIBIT "D"

| Item | Value Value | Liquidated Value Liquidation Value | Debt | Equity |
|---|---|---|---|---|
| **Part 1 - Real Estate** | | | | |
| 411 Polk St. | $42,800.00 | Exempt | | |
| 1605 Carol Lane | $235,000.00 | $125,000.00 | $122,000.00 | |
| 2209 4th St. (includes 403 Polk St.) | $250,000.00 | $137,500.00 | $187,000.00 | |
| 2210 5th St. | $125,000.00 | $68,750.00 | also with 2209 4th | |
| 1917 9th St. | $50,000.00 | $27,500.00 | $9,100.00 | |
| 1915 9th St. | $12,000.00 | $6,600.00 | $30,130.95 | |
| 2116 Roberts | $3,000.00 | $1,650.00 | Taxes $45,000.00 | |
| 1410 25th St. | $2,500.00 | $1,375.00 | | |
| 1408 14th St. | $82,000.00 | $55,000.00 | $55,000.00 | |
| **Total:** | $802,300.00 | $423,375.00 | $448,231 | |
| **Part 2 - Vehicles** | | | | |
| 2015 Subaru Outback | $17,000.00 | Exempt | | |
| 2014 Ram Promaster Van | $15,300.00 | Exempt | | |
| 1996 Lincoln Towncar | $1,625.00 | $900.00 | | |
| 1995 Jaguar XJS | $5,100.00 | $2,500.00 | | |
| **Total:** | $39,025.00 | $3,400.00 | | |

**Part 3 - Household**

| | | |
|---|---|---|
| Household goods | $5,000.00 | Exempt |
| Electronics | $3,000.00 | Exempt |
| Sports Equipment | $200.00 | Exempt |
| Clothing & Jewelry | $8,000.00 | Exempt |
| **Total:** | $16,200.00 | $0.00 |

**Part 4 - Financial Assets**

| | | |
|---|---|---|
| Wells Fargo Accts. | $1,600.00 | $1,600.00 |
| Unpaid Salary | $32,000.00 | $5,000.00 |
| Unclaimed Property | $717.00 | $0.00 |
| **Total** | $34,317.00 | $6,600.00 | $6,600.00 |

**Part 5 - Business-Related Property**

| | | |
|---|---|---|
| Unpaid rents | $7,226.00 | $2,000.00 |
| Office Equip. | $4,500.00 | Exempt |
| Machinery & Tools | $14,300.00 | Exempt |
| 18' Trailer | $1,500.00 | Exempt |
| 40' Storage Trailer | $1,500.00 | Exempt |
| **Total** | $29,026.00 | $2,000.00 | $2,000.00 |

| | | |
|---|---|---|
| Grand Totals: | $920,868.00 | $435,375.00 | $8,600.00 |

# EXHIBIT "E"

EXHIBIT E

The amount of cash on hand on the effective date of the Plan will be $8,000.00 that will come from the Debtors' operations.

# EXHIBIT "F"

# Five Year Projection

| | Current | | Monthly | 5 years | Annually |
|---|---|---|---|---|---|
| | Monthly | Annually | | | |
| **Rental Income:** | | | | | |
| Quads: 75% Occupancy | 4,950.00 | 59,400.00 | | 5,850.00 | 70,200.00 |
| Avg Rent: $550 / $650 | | | | | |
| 14th St. Rent | 150.00 | 1,800.00 | | 500.00 | 6,000.00 |
| Tools & Equipment | 100.00 | 1,200.00 | | 350.00 | 4,200.00 |
| Vehicle Leases (3 / 2) | 689.00 | 8,268.00 | | 950.00 | 11,400.00 |
| | Income Total | 70,668.00 | | Income Total | 91,800.00 |
| **Expenses:** | | | | | |
| Water - Quads | 625.00 | 7,500.00 | | 850.00 | 10,200.00 |
| Utilites - Quads | 40.00 | 480.00 | | 65.00 | 780.00 |
| Eviction Costs | | 325.00 | | 5.00 | 450.00 |
| Repairs: | | | | | |
| Appliance Repair/Replacement | | 350.00 | | | 500.00 |
| HVAC | (Repairs) | 1,250.00 | units / yr | Anticipated Replcmnts; 2 | 5,000.00 |
| Plumbing | | 665.00 | | | 750.00 |
| Lawn Care | | 800.00 | | | 1,000.00 |
| Pest Control | | 125.00 | | | 200.00 |
| Property Insurance | 360.00 | 4,320.00 | | 500.00 | 6,000.00 |
| Property Taxes | | 17,121.00 | (2) Prop. To be sold | | 16,000.00 |

| | | | |
|---|---|---|---|
| Loans | | 3,600.00 | 1,535.00 |
| | Expense Total | 36,536.00 | 42,415.00 |
| **Construction:** | | | |
| Income | | 13,650.00 | 15,000.00 |
| | Income Total | 13,650.00 | 15,000.00 |
| Expenses: | | | |
| Laborers | | 2,000.00 | 3,000.00 |
| Auto Expenses | | 420.00 | 550.00 |
| | Expense Total | 2,420.00 | 3,550.00 |
| | **Income** | 84,318.00 | 106,800.00 |
| | **Expenses** | 38,956.00 | 45,965.00 |
| Grand Totals | | 45,362.00 | 60,835.00 |